UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JONATHAN GONZALEZ, ROLANDO DELEON,
CHRISTIAN VENTURA, WILLY RIVERA,
MESSIAH KEIZER, and JASON RODRIGUEZ,

                        Plaintiffs,

             -against-

CITY OF NEW YORK, KEVIN MUIRHEAD, Individually,
JAMES MAHONEY, Individually, and JOHN and JANE DOE
1 through 15, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                        Defendants.
----------------------------------------------------------------x

**COMPLAINT**

Docket No. CV-12 2657

Jury Trial Demanded

KUNTZ, J.

SUMMONS ISSUED
POHORELSKY, M.J.

     Plaintiffs, JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, WILLY RIVERA, MESSIAH KEIZER, and JASON RODRIGUEZ, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, allege as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth and Fourteenth Amendment to the United States Constitution.

    3.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff JONATHAN GONZALEZ is a twenty-three year old Hispanic-American man residing in Brooklyn, New York.

7. Plaintiff ROLANDO DELEON is an eighteen year old Hispanic-American man residing in Brooklyn, New York.

8. Plaintiff CHRISTIAN VENTURA is a twenty year old Hispanic-American man residing in Brooklyn, New York.

9. Plaintiff WILLY RIVERA is a nineteen year old Hispanic-American man residing in Brooklyn, New York.

10. Plaintiff MESSIAH KEIZER is a seventeen year old Hispanic-American man residing in Brooklyn, New York

11. Plaintiff JASON RODRIGUEZ is a twenty-two year old Hispanic-American man residing in Brooklyn, New York.

12. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

14. That at all times hereinafter mentioned, the individually named defendants, KEVIN MUIRHEAD, JAMES MAHONEY, and JOHN and JANE DOE 1 through 15, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

17. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

18. On February 25, 2011, at approximately 5:00 p.m., plaintiffs, along with approximately ten other people, were lawfully present in Owl's Head Park, 68th Street and Colonial Road, Brooklyn, New York, in the vicinity of the rest room building located inside the park.

19. At the aforesaid time and place, two defendant New York City Police Officers approached plaintiffs and ordered them to stand against the exterior wall of the rest room

building.

20. The defendant officers unlawfully searched and detained plaintiffs.

21. Thereafter, the defendant officers ordered the plaintiffs to sit on the ground and detained them at said location for approximately one hour.

22. The defendant officers waited for sunset before requesting additional officers at said location.

23. At approximately 6:15 p.m., ten to twelve additional NYPD police officers arrived at the location.

24. When the additional officers arrived, the defendant officers handcuffed claimants.

25. Thereafter, the defendants imprisoned plaintiffs inside a police vehicle and transported them to the NYPD's 68th Precinct Stationhouse.

26. The defendants imprisoned plaintiffs until approximately 12:00 a.m. on February 26, 2011, when the defendants issued plaintiffs desk appearance tickets and released them. The desk appearance tickets compelled plaintiffs to appear in Kings County Criminal Court on March 31, 2011.

27. The plaintiffs appeared in Kings County Criminal Court as required and were informed that no charges had been filed against them and that they would be notified if their appearance was required on a future date.

28. Plaintiffs subsequently learned that the Kings County District Attorney's Office declined prosecution of the charges and that no charges would be filed against them.

29. The defendant officers KEVIN MUIRHEAD, JAMES MAHONEY, and JOHN and JANE DOE 1 through 15 either directly participated in or failed to intervene in the illegal conduct described herein.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

31. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the requirements to stop, search and arrest individuals and that many officers engage in a practice of falsification to support the arrest of innocent individuals.

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. Their failure caused the officers in the present case to violate the plaintiffs' civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. As a result of the foregoing, plaintiffs sustained, *inter alia*, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as law enforcement officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Plaintiffs were arrested by the defendants in the absence of probable cause or

privilege for their confinement.

44. As a result, plaintiffs, were seized, searched, handcuffed and/or otherwise deprived of their liberty.

45. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants arrested the plaintiffs and issued criminal process to plaintiffs, thereby compelling plaintiffs' appearance in Kings County Criminal Court, for the collateral objective of attempting to justify their unlawful stop, search, and arrest of the plaintiffs and/or for personal or monetary gain.

48. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

49. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The defendants conduct herein were an abuse of executive power so clearly

unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

51. As a result of the foregoing, plaintiffs were deprived of their liberty and right to substantive due process, causing emotional distress and physical pain and suffering.

52. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

53. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The defendants seized, detained, arrested, and imprisoned plaintiffs because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

55. As a result of the foregoing, plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

56. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants had an affirmative duty to intervene on behalf of plaintiffs whose constitutional rights were being violated in their presence by other officers.

59. The defendants failed to intervene to prevent the unlawful conduct described herein.

60. As a result of the foregoing, the plaintiffs were subjected to the above-described constitutional violations.

61. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The supervisory defendants personally caused the plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

65. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching, and seizing innocent individuals, including those who were otherwise lawfully present at Owls Head Park in Brooklyn, New York; in conducting stops of individuals in a racially or ethnically disparate and improper manner; in falsifying and manufacturing evidence to support the arrest of innocent individuals.

68. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein.

69. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiffs.

71. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiffs as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, the plaintiffs were unlawfully stopped, seized, arrested and maliciously issued process.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of the plaintiffs.

75. All of the foregoing acts by defendants deprived the plaintiffs of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from false imprisonment/arrest;

    c. To be free from malicious abuse of process;

    d. To be free the failure to intervene; and

    e. To receive equal protection under law.

76. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

77. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.  Within ninety (90) days after the claim herein accrued, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

79.  The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80.  The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

81.  Plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA have complied with all conditions precedent to maintaining the instant action.

82.  Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

83.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.  Defendants arrested plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA without probable cause.

85.  Plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA were detained against their will for an extended period of time and subjected to physical restraints.

86. As a result of the aforementioned conduct, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA were unlawfully imprisoned in violation of the laws of the State of New York.

87. As a result of the aforementioned conduct, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

88. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants made offensive contact with plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA without privilege or consent.

91. As a result of defendants' conduct, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory

damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

93. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendants issued criminal process against plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA by causing them to be arrested, and compelling their appearance in Kings County Criminal Court.

95. Defendants compelled plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA to appear in Kings County Criminal Court in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

96. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

97. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. The aforementioned conduct was extreme and outrageous, and exceeded all

reasonable bounds of decency.

99. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

100. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

101. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA.

102. As a result of the aforementioned conduct, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

103. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

104. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests of plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON,

CHRISTIAN VENTURA, and WILLY RIVERA.

106. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

107. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

108. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests of plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA.

110. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

111. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Plaintiff JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

113. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

114. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO

DELEON, CHRISTIAN VENTURA, and WILLY RIVERA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

117. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

119. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, WILLY RIVERA, MESSIAH KEIZER, and JASON RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

120. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. As a result of defendants' conduct, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, WILLY RIVERA, MESSIAH KEIZER, and JASON RODRIGUEZ were deprived of their right to security against unreasonable searches,

seizures, and interceptions.

122. As a result of the foregoing, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, WILLY RIVERA, MESSIAH KEIZER, and JASON RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JONATHAN GONZALEZ, ROLANDO DELEON, CHRISTIAN VENTURA, WILLY RIVERA, MESSIAH KEIZER, and JASON RODRIGUEZ demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 24, 2012

>                             LEVENTHAL & KLEIN, LLP
>                             Attorneys for the Plaintiffs
>                             45 Main Street, Suite 230
>                             Brooklyn, New York 11201
>                             (718) 722-4100
>
>                             By: _____
>                                 BRETT H. KLEIN (BK4744)